IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                                            PLAINTIFF

vs.                                              CASE NO. 4:05CV567GH

ETHICON, INC.; ET AL.                                                          DEFENDANTS

## ORDER

Pending before the Court are a number of discovery matters. Defendant Ethicon Endo-Surgery ("EES") has filed a motion for a protective order. It states that a protective order is appropriate with respect to certain discovery plaintiff has requested; i.e., designs and drawings for surgical staplers manufactured by EES; financial documents, contracts and agreements under which surgical staplers manufactured and sold by EES were sold to EES customers and vendors; Product Inquiry Verification Reports; Medical Device Reports submitted by EES to the Food and Drug Administration; reports submitted to the Food and Drug Administration concerning deaths, serious illness, serious injuries and other significant adverse device experiences involving surgical staplers manufactured by EES; and documents discussing potential hazards, malfunctions, defects or potential improvements of surgical staplers manufactured by EES.

Plaintiff states that EES has not established good cause for the entry of a protective order. Additionally plaintiff desires to share documents with other plaintiffs' attorneys who have pending lawsuits against the defendants involving defective medical devices. Plaintiff has cited a number of cases where courts have denied protective orders. The view that has commonly been expressed is succinctly stated below:

> There is nothing inherently culpable about sharing information obtained

-1-

> through discovery. The availability of the discovery information may reduce time and money which must be expended in similar proceedings, and may allow for effective, speedy, and efficient representation. Unless it can be shown that the discovering party is exploiting the instant litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums.

*Patterson v. Ford Motor Co.*, 85 F. R. D. 152, 154 (W. D. Tex. 1980)(citations omitted). *See also Deford v. Schmid Products Co.*, 120 F. R. D. 648, 654 (D. Md. 1987) (sharing of information with other litigants "is an appropriate goal under the Federal Rules of Civil Procedure"); *Cippollone v. Liggett Group, Inc.*, 113 F. R D. 86, 87 (D. N.J. 1986) (no good cause for concealment of otherwise non-confidential materials from public. "By requiring each plaintiff in every similar action to run the same gauntlet over and over again serves no useful purpose other than to create barriers and discourage litigation"); *Ericson v. Ford Motor Co.*, 107 F. R. D. 92, 94 (E. D. Ark. 1985) (denying entry of protective order where attempt to avoid potential for embarrassment or harm. "Much of the increase,[in the number of requests for protective orders] though, must be attributed to a practice among some attorneys to automatically seek protective orders in every case where any potential for embarrassment or harm, no matter how slight, exists. Fed.R.Civ.Pro. 26 does not require courts to utilize their scare resources on such unnecessary satellite litigation."); *Parsons v. General Motors Corp.*, 85 F. R. D. 724, 725 n. 1 (N.D. Ga. 1980) ("federal rules do not foreclose collaboration among litigants, and . . . the possibility that plaintiff will share the results of discovery with any other litigant" does not establish good cause to justify a protective order)

      The Court agrees that EES has not established good cause for the entry of such a restrictive protective order.  It is not enough to say that EES is engaged in a highly competitive business and that EES must be protected from competing companies that seek a competitive disadvantage.  EES has not demonstrated how any of the items listed as needing protection would in fact create a competitive disadvantage to it *See*

*Gen'l Dynamics Corp. v. Selb Mfg. Co.*, 481 F. 2d 1204, 1212 (8th Cir. 1973) (burden is upon movant for protective order to "show necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . .'") EES' concern with the competitive nature of the business is addressed by plaintiff's agreement not to disclose the information to defendants' competitors. The Court will not grant the request for a protective order; however, if the parties can stipulate to one which allows plaintiff to share the information, they can submit it to the Court for approval.

Also pending before the Court are plaintiff's first and second motions to compel. Plaintiff states that defendants Ethicon, Inc. and Johnson and Johnson ("separate defendants") have failed to answer interrogatories and requests for production by stating that they were "not involved in the manufacturing, providing, assembling or selling the product in question," (i.e., a surgical stapler). Separate defendants have responded to the motion to compel, reiterating their noninvolvement. They have attached the affidavit of the senior counsel at Johnson & Johnson who is also Assistant Secretary of EES and Ethicon, Inc. He avers that EES owns all of the patents covering the devise in question and that EES is solely responsible for the design, manufacture, assembly, marketing and selling of the ATW45-45MM Articulating Linear cutter.

Plaintiff refutes the affidavit, stating that Kim's affidavit is not based on personal knowledge. Plaintiff also states that separate defendants can respond to some of the discovery requests, even if their position that they had no direct role in the design, manufacture, etc. of the device is correct.

Separate defendants have just provided a blanket objection to all the discovery requests. The Court agrees that separate defendants should respond to those discovery requests on which they have information, e.g., their organization charts, as

requested in requests for production 16 and 19. Separate defendants should provide the information within thirty days of the date of this Order.

Plaintiff has filed a second motion to compel. It seeks certain information from EES. EES has provided some of the information sought, but objects to other requests. EES wants to limit the information sought to the specific model of stapler which allegedly malfunctioned during plaintiff's surgery. EES states that it manufactures all types of stapling devices, and to produce information regarding those other staplers, including complaints that were made, would be unduly burdensome and unlikely to lead to relevant evidence.

The Court agrees with plaintiff that EES has taken an inappropriately narrow view of discovery. That EES makes other types of staplers does not mean that information regarding problems with those staplers would be irrelevant. As plaintiff notes, some of the same parts are used in different models of staplers. Thus, EES should provide the information requested in Interrogatories 12 and 13.

In request for production 5, plaintiff asked for a design drawing for the surgical stapler used during plaintiff's surgery. Plaintiff states that his expert needs the information requested. EES objects stated it would involve thousands of documents that are not relevant. The Court fails to see how drawings of the device would be irrelevant. EES is directed to provide the information requested in request for production no. 5. Additionally, as the Court is persuaded that information regarding other staplers is relevant, EES shall produce the information requested in requests for production 7, 8 (defendant can redact the information pursuant to 21 CFR § 20.63(f), 9, 10, 11, 21, 22, 25, 26, 27, 28, 29, 30, 31, and 32.

Accordingly, the motion for protective order is denied; the first and second motions to compel are granted as set forth above. Defendants are directed to provide the information within thirty days of the date of this Order. Because the Court has

denied EES' motion for protective order, plaintiff's motion for leave to file records under seal is denied.

    IT IS SO ORDERED this 27th day of October, 2005.

                                              */s/ George Howard, Jr.*
                                          UNITED STATES DISTRICT JUDGE