IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                              PLAINTIFF

vs.                          CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                              DEFENDANTS

## **ORDER**

Pending before the Court are a number of motions concerning discovery.  Plaintiff has filed a fourth motion to compel, seeking responses to requests for production 38 to 43.  He has filed a motion for sanctions, based on defendants' failure to provide discovery within the time ordered and agreed by the parties.  He has also filed a motion to enforce the discovery order of October 27, 2005, asserting that defendants have improperly redacted the identities of surgeons, nurses and hospitals submitting reports on the malfunctions of defendants' surgical staplers.

It appears that the parties have attempted to create a joint plan for providing outstanding discovery.  Defendants agreed to provide plaintiff with copies of certain requested discovery and to make other documents available for plaintiff to review and copy at EES's corporate headquarters in Cincinnati, Ohio during the week of January 9, 2006.  Plaintiff did not object to holding the motion for sanctions in abeyance until plaintiff has determined whether all the records are produced for inspection in Cincinnati.  The time has passed and plaintiff has not notified the Court of any outstanding discovery disputes.  It therefore appears that defendants have produced the information requested in requests for production 38 to 43.  Thus, the fourth motion to compel is denied as moot.

With regard to the motion for sanctions, the Court cannot find, after reviewing the record, that defendants' conduct is so egregious as to warrant the imposition of sanctions.  Thus, the motion for sanctions is denied.

-1-

In his motion to enforce the discovery order, plaintiff states that defendants improperly redacted information on the Product Inquiry Verification Reports ("PIVRs") and the Medical Device Reports ("MDRs").  By Order entered on October 27, 2005, the Court had directed defendants to produce the PIVRs and MDRs but allowed defendants to redact information pursuant to 21 C.F.R. § 20.63(f).

The PIVRs are reports made by individuals or hospitals reporting stapler malfunctions to defendants.  Plaintiff argues that they are internal records, not required to be submitted to the Food and Drug Administration ("FDA).   MDRs concerning deaths, serious injuries or malfunctions involving the staplers are submitted to the FDA.  Plaintiff contends that 21 C. F. R. § 20.63(f) does not apply to required reports, such as the MDRs, but only to information voluntarily submitted to the FDA.  Plaintiff's arguments are foreclosed by the  Eighth Circuit's decision in *In re Medtronic, Inc.*, 184 F. 2d 807 (8th Cir. 1999) and the decision of Judge Wilson in *Adcox v. Medtronic  Inc.*, 131 F. Supp.2d 1070 (E.D. Ark. 1999)(permitting discovery of voluntary reports only after redaction of identifying information but prohibiting discovery of mandatory reports *in toto*).    *See Contratto v. Ethicon, Inc.*, 225 F. R. D. 593, 599 (N.D. Calif 2004) (requiring defendant to produce MDRs as well as complaint files with the names and other identifying information redacted from all documents)

It is clear that defendants do not have to provide the identifying information and that redaction of the information from the documents was proper.  Therefore, the motion to enforce the discovery is denied.

Accordingly, the fourth motion to compel (document no. 28) is denied; the first motion for sanctions (document no. 31) is denied; the first motion to enforce discovery order (document no. 32 is denied.

IT IS SO ORDERED this 23rd day of January, 2006.

                                                      */s/ George Howard, Jr.*
                                            UNITED STATES DISTRICT JUDGE