IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                                         PLAINTIFF

vs.                                   CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                                         DEFENDANTS

## **ORDER**

Pending before the Court is plaintiff's motion to strike defendant's newly named experts. Plaintiff seeks to exclude Mark Ransick, Neil Kulkarni, and Ben Cranfill.

Plaintiff contends that these individuals were only listed as experts on May 12, 2006. Trial is set to resume May 24, 2006.

Although defendants' pretrial conference information sheet lists Ransick as an expert, they do not specify in what areas. Plaintiff surmises that Ransick is an expert on the use of "scanning electron microscopes" and energy dispersive x-ray spectrometers" and that Ransick opines in his report that these instruments show that plaintiff's surgeon struck a titanium surgical clip with the surgical stapler at issue; i.e., that the surgeon is responsible for the stapler's failure.

Plaintiff contends that they do not have sufficient time to learn about these instruments or to obtain an expert knowledgeable in the instruments to rebut the testimony.

Plaintiff further states that Neil Kulkarni newly examined the stapler and intends to testify about the scanning electron microscope and energy dispersive x-ray spectrometer. Kulkarni is an employee of EES. Defendants have listed Kulkarni as an expert.

It is unclear where Ransick is listed as an expert in the use of "scanning electron microscopes" and "energy dispersive x-ray spectrometers." Similarly unclear is where Kulkarni is also so designated. Both appear to be employees of EES, who will offer

-1-

testimony.

The question is whether these witnesses, as experts, should have been disclosed before now.  Apparently the parties had discussed extending the Court's deadlines, although it is unclear whether any final agreement was obtained.  In any event, the parties did not petition the Court for or obtain an extension of time to disclose experts and extend discovery to a few weeks before trial.

According to defendants, Dr. Hetzel, plaintiff's expert, did not finalize his opinions until shortly before his deposition was taken on May 6, 2006.  Hetzel had only reexamined the devices on May 4, 2006. EES designated its experts less than a week after the deposition of Hetzel.  Furthermore, defendant contends that plaintiff has not deposed the experts although EES has made them available.

The Court, at this point, is not persuaded that Kulkarni and Ransick should be stricken.  As of January 25, 2006, plaintiff was put on notice that defendants intended to assert error by Dr. Langford as the cause of plaintiff's injury.[1] At least Kulkarni's deposition has been taken so it appears that plaintiff was aware that he would be called as a witness.

Plaintiff objects to Ben Cranfill, M.D., a urologist who will opine on the techniques plaintiff's surgeon should have used during plaintiff's surgery.  Plaintiff states that before May 12, 2006, defendants never gave any indication that they would call a medical expert at trial.  Plaintiff states that it is too late to obtain an expert to address the testimony of Cranfill.

Defendant EES counters that several months ago it notified plaintiff that it would be offering medical expert testimony.  Again, according to the notice filed on January 25th, plaintiff was on notice that defendants intended to assert that plaintiff's physician was

---

[1] Defendants filed a Notice of Potential Responsibility of Third Parties pursuant to Ark. Code Ann. § 16-55-202(b)(1) on January 25, 2006 (Docket Entry 41).

responsible for plaintiff's injuries.  The Court if not persuaded that plaintiff is unduly prejudiced by defendants offering their expert medical report in rebuttal to that provided by plaintiff's physician.  The Court will not strike Cranfill.

Accordingly, the motion to strike newly named experts is denied.

IT IS SO ORDERED this 22nd day of May, 2006.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE