IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                                    PLAINTIFF

vs.                              CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                                  DEFENDANTS

## ORDER

Pending before the Court are a number of motions.  The Court has reviewed the motions, responses, replies and applicable law and rules as follows:

1.  Plaintiff's motion to enforce discovery order for design drawings: Counsel for plaintiff advised the Court that he has now received the design drawings requesting. Thus, the motion to enforce discovery order (document no. 106) is denied as moot.

2.  Plaintiff's motion to quash defendant's notice of intent to take the second deposition of Ricardo Tovar: Plaintiff objects to defendant's request to take another deposition of Ricardo Tovar regarding the identification of the instrument involved. Plaintiff states that Tovar's deposition has already been taken, that discovery is closed and that defendant is now attempting to reverse Tovar's previous deposition testimony. Defendant counters that because there is a controversy over what instrument was used during plaintiff's surgery, the testimony of Tovar, the employee who did the product analysis on the device in question, has become more important.  Defendant states that additional facts need to be developed.  Defendant notes that Tovar is a Mexican citizen who will require a Spanish interpreter.  Defendant states it would be more expeditious and less time consuming and expensive for the testimony of Tovar to be presented by deposition. Defendant further notes that the deposition falls within the ambit of the Court's order allowing limited discovery based on plaintiff's new expert.

The Court finds that the notice of deposition should be quashed.   As Tovar is

-1-

defendant's employee, he can appear at trial.   That his testimony will have to be translated is not, in the Court's opinion, reason to require plaintiff's counsel to travel to El Paso, Texas to take a second deposition.

Thus, the motion to quash the notice of deposition (document no. 108) is granted.

IT IS SO ORDERED this 16th   day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE