IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                          PLAINTIFF

vs.                              CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                        DEFENDANTS

## ORDER

Pending before the is plaintiff's motion for an evidentiary ruling on medical costs. Plaintiff asks that the Court rule on the constitutionality of Ark. Code Ann. 16-55-212(b)[1] and that plaintiff be allowed to introduce at trial the total amount of medical bills incurred by plaintiff.   Plaintiff contends that the statute is in conflict with the Arkansas supreme Court's collateral source rule, in conflict with Amendment 80 of the Arkansas Constitution[2] and in conflict with Article VI, Section 32 of the Arkansas Constitution.[3]

---

[1]Ark. Code Ann. § 16-55-212(b) provides:
Any evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible.

[2]Amendment 80 to the Arkansas Constitution provides:
The Supreme Court shall proscribe the rules of pleading, practice and procedure for all courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as declared in the Constitution.

[3]Article V, § 32 provides:
The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made.  It shall have power to provide the means, methods, and forum for adjudicating claims arising under said laws, and for securing payment of same.  Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property . . ."

The issue was raised before the first trial.  At the first trial, the Court allowed evidence of plaintiff's medical expenses, including those already paid.  The Court stated it could make any reduction after the jury verdict and gave the jury AMI 2215, the instruction on collateral sources.

Plaintiff has waited until two weeks before the retrial to again raise the issue.  Had plaintiff raised the issue before, the Court could have certified the question of the constitutionality of the statute to the Arkansas Supreme Court.[4]  According to the submissions of the parties, two Arkansas trial courts have decided the issue.  One found the statute constitutional while another with absolutely no analysis did not.  The matter should be resolved by the Arkansas Supreme Court.

Plaintiff had ample opportunity to raise this issue prior to the retrial.  The Court is left trying to resolve an important constitutional issue on the eve of trial.  The Court has considered the two state court opinions and adopts the reasoning of Judge Charles E. Clawson, in *Ray v. McDaniel*, CV-2006-32 (Van Buren County) attached as exhibit A to defendant's response to plaintiff's motion for evidentiary ruling on medical costs. (Document no. 128-2).  Thus, the Court finds that the statute is constitutional.

Accordingly, the motion for evidentiary ruling on medical costs is denied.

IT IS SO ORDERED this 27th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Rule 6-8 of the Rules of the Supreme Court and Court of Appeals adopted in 2002 pursuant to Section 2(D)(3) of Amendment 80 to the Arkansas Constitution provides: "(1) The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.