IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                                                PLAINTIFF

vs.                                          CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                                              DEFENDANTS

## **ORDER**

Pending before the Court is defendant's motion to bifurcate the proceedings pursuant to Ark. Code Ann. § 16-55-211.   That statute provides:

> (a)(1) In any case in which punitive damages are sought, any party may request a bifurcated proceeding at least ten (10) days prior to trial.
>
> (2) If a bifurcated proceeding has been requested by either party, then:
>
> (A) The finder of fact first shall determine whether compensatory damages are to be awarded; and
>
> (B) After a compensatory damages award determination, the finder of fact then shall determine whether and in what amount punitive damages will be awarded.
>
> (b) Evidence of the financial condition of the defendant and other evidence relevant only to punitive damages is not admissible with regard to any compensatory damages determination.

Plaintiff objects. He states that allowing EES to obtain a bifurcated proceeding would amount to allowing EES to profit from its misconduct during the first trial.  This assertion is without merit.  That defendant did not request a bifurcated proceeding in the first trial does not preclude it from making a request at the retrial.  Furthermore, the Court has denied plaintiff's motion for default, finding that EES did not engage in misconduct.

Plaintiff further contends that by enacting the bifurcated proceeding statute, the legislature seeks to invade the power of the Arkansas Supreme Court to establish rules of pleading, practice and procedure, thereby constituting a violation of the separate of powers

-1-

clause found in Article IV, § 2 of the Arkansas Constitution. In a supplemental response, plaintiff states that the request is untimely.

The Court need not reach the constitutionality of the statute as it is clear that defendant's request is untimely. The statute provides that EES must request a bifurcated proceeding at least ten days prior to trial. Relying on Fed. R. Civ. P. 6(a), plaintiff states that ten means ten business days, not calendar days and therefore EES was required to file its notice 10 business days before the November 27, 2006 trial. EES filed its request on November 17, 2006.

It is unclear whether the Arkansas Rule of Civil Procedure 6(a) or the Federal Rule should apply. Under either one, however, the request is untimely. The Arkansas rule provides that when any time allowed is less than 14 days, intermediate Saturdays, Sundays or legal holidays shall be excluded in the computation.[1] Here, EES' request for the bifurcated proceeding is untimely as it should have been filed by November 9th.[2]

Accordingly, the motion to bifurcate is denied.

---

[1] Arkansas Rule of Civil Procedure 6(a) provides:
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of the Court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, legal holiday, or other day when the clerk's office is closed, in which event the period runs until the end of the next day that the clerk's office is open. When the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation. As used in this rule and Rule 77(c), "legal holiday" means those days designated as a holiday by the President or Congress of the United States or designated by the laws of this State.

[2] November 10th was a federal holiday.

IT IS SO ORDERED this 27th day of November, 2006.

*George Howard, Jr.*

UNITED STATES DISTRICT JUDGE