IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHARLES ROBERT PERRY                                                    PLAINTIFF

vs.                            CASE NO. **4:05CV567GH**

ETHICON, INC.; ET AL.                                             DEFENDANTS

## **ORDER**

Pending before the Court is plaintiff's motion for ruling on assessment of fault against nonparties. Plaintiff seeks to have the Court preclude defendant from using the "empty chair statute", Ark. Code Ann. § 16-55-202 and to find that the statute is unconstitutional.

Section 16-55-202, which is part of the Civil Justice Reform Act of 2003, provides:

(a) In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, regardless of whether the person or entity was or could have been named as a party to the suit.

(b)(1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault not later than one hundred twenty (120) days prior to the date of trial.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

(c)(1) Except as expressly stated in this section, nothing in this section shall eliminate or diminish any defenses or immunities which currently exist.

(2) Assessments of percentages of fault of nonparties shall be used only for accurately determining the percentage of fault of named parties.

(3) Where fault is assessed against nonparties, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence

of liability in any action.

The issue of the "empty chair statute" came up at the first trial in May, 2006. At that time plaintiff argued that defendant should not be allowed to use the provision. The Court agreed, finding that defendant had not filed a pleading 120 days prior to trial, as required by the statute, and therefore the request by defendant was untimely. Defendant filed another pleading on July 19, 2006, giving notice of possible negligence or fault on the part of Dr. Timothy Langford and Baptist Health Medical Center.

By letter dated November 17, 2006, to Tim Gauger, plaintiff notified Gauguer that he was challenging the constitutionality of Ark. Code Ann. § 16-55-202. Ark. Code Ann. § 16-11-106(b) provides that the Attorney General be notified of any action involving a constitutional challenge. The Arkansas Supreme Court has refused to consider constitutional claims where the Attorney General has not been notified. *See Stephens v. Stephens*, 306 Ark. 59, 63 (1991), *Reagan v. City of Piggott*, 305 Ark. 77, 81, (1991).

The Court is of the opinion that plaintiff has failed to give sufficient notice to the Attorney General as required by the statute. The Attorney General of the State of Arkansas is Mike Beebe, not Tim Gauger. *See www.ag.state.ar.us.* Beebe was not provided any notice. Even assuming that service on Tim Gauger suffices, the Court is of the opinion that the motion and brief is insufficient. Plaintiff is required to serve a copy of the proceedings. The Attorney General was not served with a copy of the complaint. Furthermore, the attorney general is entitled to be heard on the issue. *See Roberts v. Watts,* 263 Ark. 822, 826 (1978). Service of the notice of the challenge ten days prior to trial does not give the attorney general adequate time to be heard.[1]

Because plaintiff has failed to give notice to the Attorney General as required by Arkansas law, the Court will not address the constitutionality of the statute.

Accordingly, the motion for ruling on assessment of fault is denied.

---

[1]There is no indication that plaintiff advised Gauger of the November 27th trial.

IT IS SO ORDERED this 28th day of November, 2006.

*George Howard, Jr.*
———————————————
UNITED STATES DISTRICT JUDGE